**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID BREKSA a/k/a DAVID BRESKA,[1]

                              Plaintiff,

      - v -                                            Civ. No. 9:12-CV-952
                                                              (FJS/RFT)

SERGEANT RICE, *Correctional Sergeant, Clinton*
*Correctional Facility*; JOHN DOE, *Correctional*
*Officer, Clinton Correctional Facility*,

                              Defendants.

**APPEARANCES:**                                     **OF COUNSEL:**

DAVID BREKSA
Plaintiff, *Pro Se*
11-A-2493
Auburn Correctional Facility
135 State Street
Box 618
Auburn, New York 13021

HON. ERIC T. SCHNEIDERMAN            GREGORY J. RODRIGUEZ, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendant Rice
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff David Breksa brings this civil rights action, pursuant to 42 U.S.C. § 1983, claiming that the Defendants violated his constitutional rights while he was housed at the Clinton Correctional Facility. Dkt. No. 1, Compl. Pending before the Court is Defendant Rice's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), due to Plaintiff's failure to exhaust

---

[1] In his Complaint, Plaintiff states that his name is spelled "Breksa," however, the Department of Corrections and Community Supervision ("DOCCS"), who has present custody of Plaintiff, lists his name as "Breska." *See* DOCS Inmate Locator Website, *available at* http://nysdoccslookup.doccs ny.gov/GCA00P00/WIQ1/WINQ000 (information for DIN # 11-A-2493) (last visited August 6, 2013). For purposes of our Report-Recommendation and Order, we utilize Plaintiff's spelling.

his available administrative remedies prior to bringing this action. Dkt. No. 10. Despite being granted an extension of time, Plaintiff has not filed any opposition to Defendant's Motion. For the reasons that follow, we recommend that Defendant's Motion be **granted** and this entire action be **dismissed**.

## I. DISCUSSION

### A. Exhaustion of Available Administrative Remedies

In this action, Plaintiff asserts that on April 20, 2012, he was on his way to Islamic services while "horse playing" with other inmates. He was singled out as participating in a fight and brought to the infirmary for inspection of injuries. At that time, Defendant Rice poked him in the eye multiple times while lodging derogatory insults at him. Based upon Defendant Rice's language, Plaintiff believed that he was being targeted because he is a practicing Muslim. During this interaction, Defendant Doe is also alleged to have used force against Plaintiff. *See generally* Compl.

By his Motion to Dismiss, Defendant Rice contends that Plaintiff failed to exhaust all available administrative remedies prior to bringing this action, thus dismissal is warranted. The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies under the PLRA is an affirmative defense which must be raised by the defendants. *Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999). Once raised, the defendants bear the burden of proving that administrative remedies have not been exhausted. *Howard v. Goord*, 1999 WL 1288679, at * 3 (E.D.N.Y. Dec. 28, 1999) (citations omitted). Because the failure to exhaust is an affirmative

defense, it need not be pled in the complaint. *Snider v. Melendez*, 199 F.3d 108, 112 (2d Cir. 1999). Nevertheless, an affirmative defense, such as a failure to exhaust administrative remedies, may be raised in a pre-answer motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the defense is apparent from the face of the complaint. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74–75 (2d Cir. 1998).

In bringing this action, Plaintiff utilized a *pro forma* complaint typically used in this District by inmates seeking to vindicate civil rights violations pursuant to 42 U.S.C. § 1983. Contained in that form are a series of questions probing the plaintiff on his efforts to fully exhaust available administrative remedies. The responses supplied by Breksa to those questions form the basis for Defendant Rice's Motion. In accordance with the applicable standard of review, we presume the truth of the factual allegations contained in the Complaint. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In his Complaint, Breksa states that there was a prisoner grievance procedure at the facility, but he did not present the facts relating to his Complaint in the grievance program. Compl. at ¶¶ 4(a) & 4(b). In explaining his failure to present the issue through the grievance program, Plaintiff states "per PLRA grievance must only be filed in 'prison conditions' cases. This complaint is for actions which already harmed plaintiff and is not a prison conditions suit. There is a Northern District case which supports this." *Id*. at ¶ 4(b). Then, notwithstanding this prior response, Breksa states that there was no grievance procedure at the institution and claims that he complained to other prison authorities, namely the Inspector General, about the facts alleged in his complaint; the Inspector General advised him that he could not help because there were no physical injuries. *Id*. at ¶ 4(c).

The Court first notes that Plaintiff's belief that the issues raised in his Complaint are not grievable issues is mistaken. The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citations omitted). Exhaustion is similarly required even if the prisoner asserts futility as an excuse. *See Booth v. Churner*, 531 U.S. 731, 741 n.6 (2001) (refusing to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise") (cited in *Marvin v. Goord*, 255 F.3d 40, 43 (2d Cir. 2001)). Accordingly, the exhaustion requirements apply even where the grievance process does not permit an award of money damages and the prisoner seeks only money damages, provided the grievance tribunal has the authority to take some responsive action. *See Thomas v. Wright,* 2002 WL 31309190, at \*5 (N.D.N.Y. Oct. 11, 2002) (citing *Booth v. Churner*, 531 U.S. 731 (2001)).

As a preliminary matter, notwithstanding Plaintiff's conflicting responses about the presence of a grievance program at Clinton, the Court takes judicial notice, based on past decisions and upon matters easily referenced in the public docket, that Clinton Correctional Facility had a grievance program in accordance with the New York State Administrative Code. *See* N.Y. COMP. CODES R. & REGS. tit. 7, § 701 *et seq*.; *see also Marcus v. AT & T Corp.*, 938 F. Supp. 1158, 1164-65 (S.D.N.Y. 1996) (noting that on a motion to dismiss, the court may take judicial notice of public documents even if not included in or attached to complaint). Based upon the factual allegations in the Complaint with regard to exhaustion, it is clear that Plaintiff failed to present his claims through the inmate grievance program and thus did not exhaust his available administrative remedies prior to bringing this action. The Court acknowledges that there are certain circumstances where a

*-4-*

defendant may be estopped from asserting that a plaintiff had not exhausted administrative remedies for a particular claim. For example, a plaintiff may proceed despite a failure to exhaust where he has been "led to believe by prison officials that his alleged incident was not a 'grievance matter' and assured that his claims were otherwise investigated." *O'Connor v. Featherston,* 2002 WL 818085, at *2 (S.D.N.Y. Apr. 29, 2002); *see Heath v. Saddlemire*, 2002 WL 31242204, at *4-5 (N.D.N.Y. Oct. 7, 2002) (finding that defendants were estopped from asserting nonexhaustion where plaintiff relied on letter from defendants stating that he had "followed the correct procedure by notifying the Inspector General of [his] complaint"). But, because Plaintiff failed to respond to the Defendant's Motion, despite being given notice and ample opportunity to do so, he has not supplied the Court with any rebuttal explanation as to his patent failure to follow the directives associated with the grievance program at his facility. Nor has he provided a response positing that other special circumstances exist that would justify his failure to comply. *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004). Thus, dismissal is warranted. *See Woodford v. Ngo*, 548 U.S. 81 (2006).

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant Rice's Motion to Dismiss (Dkt. No. 10) be **GRANTED** and this entire action be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL**

**PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:    September 3, 2013
         Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge